IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO TAPIA, | No. C 04-2910 MMC (PR) |
| Plaintiff, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| SCOTT KERNAN, | |
| Respondent, | |

On July 25, 2004, in the Eastern District of California, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming he received ineffective assistance of counsel when his attorney advised him to reject a plea bargain offered prior to the preliminary hearing in the underlying criminal case. The petition subsequently was transferred to the Northern District. On December 14, 2004, this Court found the claim, liberally construed, to be cognizable and ordered respondent to show cause why the petition should not be granted. Respondent has filed an answer along with a memorandum and exhibits in support thereof, and petitioner has filed a traverse.

**BACKGROUND**

By a complaint filed in Santa Clara County Superior Court on January 2, 2001, petitioner was charged with committing, between October 5, 2000 and December 5, 2000, a lewd and lascivious act on a child under fourteen years of age in violation of California Penal Code § 288(a). (Clerk's Transcript ("CT") (Resp.'s Ex. A) at 32.) The complaint further

1 alleged that petitioner had a prior felony "strike" conviction for attempted lewd and
2 lascivious acts with a minor. (CT at 33.) Finally, the complaint alleged that at the time of
3 the charged offense, petitioner was out of custody on bail for another offense of attempted
4 lewd and lascivious act with a minor. (Id.)

A preliminary hearing was held on April 20, 2001. (Id. at 1-30.) At the outset of the hearing, the prosecutor first noted that the case had proceeded to "Felony Advanced Resolution," and that petitioner had been offered a plea bargain of six years with the understanding that the "out-on-bail enhancement" would be stricken, or, in the alternative, petitioner would plead to the charges and then "bring a Romero," i.e., a motion to strike the prior-conviction allegation.[1]  (Id. at 6.) The prosecutor next stated his understanding that the offer had been rejected, after which the trial court inquired of defense counsel, "And is that correct, Counsel, that defendant has been made aware and you've discussed with him those alternatives and at this stage he is rejecting those and requesting that we proceed with the preliminary examination?" (Id.) Defense counsel then asked petitioner, "Do you understand what's being said?" and petitioner responded, "Yes." (Id.)

The court then proceeded with the preliminary hearing, at which the victim testified as follows: On October 5, 2000, when she was twelve years old, she met petitioner while she was visiting a mall with her friend. (Id. at 5, 10.) Sometime later that month, petitioner became the victim's "boyfriend," and they kissed each other using their tongues. (Id. at 11-13.) At some point in November 2000, while they were at her house, petitioner asked the victim to orally copulate him. (Id. at 19-20.) She refused, but did agree to masturbate him. (Id. at 20-21.) Also in November 2000, she was at petitioner's house and he touched her breasts, on the outside of her clothing, while they were kissing. (Id. at 21-22.) Finally, on a Friday morning in November or December 2000, she went to petitioner's house, where they went to the bedroom and engaged in sexual intercourse. (Id. at 15-18.)

Based on the victim's testimony at the preliminary hearing, the prosecutor filed an

---

[1] See People v. Superior Court (Romero), 13 Cal.4th 497 (1996).

2

information charging petitioner with four counts of committing a lewd and lascivious act on a child under the age of fourteen years, in violation of Penal Code § 288(a).  (Id. at 35-37.) The information also included the out-on-bail and prior-strike allegations from the complaint. (Id. at 37-38.)

On May 30, 2001, the day set for trial, the trial court ruled on various in limine motions.  (Id. at 51-52.)  The following day, petitioner pled guilty to all four counts and admitted the out-on-bail and prior-strike allegations.  (Id. at 53.)  Petitioner's subsequent motion to strike the latter allegation was denied.  (Id. at 55; Reporter's Transcript ("RT") (Resp.'s Ex. B) at 18-19.)  On November 9, 2001, petitioner was sentenced to a term of 18 years in state prison.  (CT at 95; RT at 19.)  The sentence consisted of the lower term on Count 1, doubled by reason of the strike conviction, and one-third of the middle term on Counts 2, 3, and 4, each of which likewise was doubled based on the prior conviction.[2]  (CT at 95; RT at 19.)  Petitioner also received a suspended sentence of two years on the out-on-bail enhancement.  (Id.)

Petitioner's request for a certificate of probable cause was granted, and appellate counsel filed an appeal in the California Court of Appeal pursuant to People v. Wende, 25 Cal.3d 436 (1979), stating the record raised no meritorious issues for appeal.  Appellate counsel simultaneously filed in the California Court of Appeal a petition for a writ of habeas corpus, raising the claim raised herein.  On January 15, 2003, the California Court of Appeal reviewed the entire record and concluded there were no arguable issues on appeal.  By separate opinion filed concurrently therewith, the California Court of Appeal summarily denied the habeas petition.  Petitioner thereafter filed a petition for a writ of habeas corpus in the California Supreme Court, also raising the claim raised herein; that petition was denied summarily on October 1, 2003.

---

[2]In sentencing a defendant for a violation of Penal Code § 288(a), the court may impose one of three terms: the lower term of three years, the middle term of six years, or the upper term of eight years.  At the time petitioner entered his plea, the prosecutor calculated petitioner's maximum exposure, with the enhancements, to be 30 years.  (RT at 6.)

**DISCUSSION**

A.  Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A federal court must presume the correctness of the state court's factual findings. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by the [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decision but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. On habeas review, a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. Rather, to support the writ, the application must have been "objectively unreasonable." Id. at 409.

B.  Petitioner's Claim

Petitioner claims his trial counsel provided ineffective assistance when he advised petitioner to reject the plea bargain offered by the prosecutor prior to the preliminary hearing.

4

According to petitioner, prior to the "Felony Advanced Resolution," which occurred prior the preliminary hearing, counsel advised him that the prosecutor had offered to recommend a sentence of six years in exchange for petitioner's guilty plea to the sole charge in the complaint. According to petitioner, counsel advised him to reject the offer, without informing him of (1) the minimum and maximum sentences that could be imposed in the event petitioner were to be convicted, (2) the fact that his kissing the victim could be a violation of § 288(a), and (3) the fact that the prosecutor could add new charges based on the evidence introduced at the preliminary hearing, which new charges could expose petitioner to a potentially greater sentence.

Petitioner's claim is foreclosed by his guilty plea. A defendant who pleads guilty cannot later raise in federal habeas proceedings independent claims relating to the deprivation of constitutional rights that occurred before entry of such plea. See Haring v. Prosise, 462 U.S. 306, 319-320 (1983); Tollett v. Henderson, 411 U.S. 258, 266-67 (1973). The only challenges left open in federal habeas proceedings after a plea of guilty are to the voluntary and intelligent character of the plea and to the nature of the advice of counsel to so plead. Id. at 267. A defendant who enters a guilty plea on the advice of counsel, as did petitioner herein, may attack the voluntary and intelligent character of that plea only by showing the advice he received to plead guilty was not within the range of competence demanded of attorneys in criminal cases. Id.

Claims of pre-plea ineffective assistance of counsel are among the constitutional claims precluded by a subsequent guilty plea. See Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994) (holding petitioner's claim that attorneys were ineffective in failing to prevent use of his confession at trial constituted claim of pre-plea constitutional violation precluded by petitioner's plea); United States v. Bohn, 956 F.2d 208, 209 (9th Circ 1992) (per curiam) (holding guilty plea precluded claim that counsel provided ineffective assistance at in camera hearing occurring prior to plea). By pleading guilty, a defendant "waive[s] any such alleged constitutional claim." See id.; see also United States v. Caperell, 938 F.2d 975, 977 (9th Cir. 1991) (noting, with exception of "jurisdictional" claims, "guilty plea generally waives all

5

claims of a constitutional violation occurring before the plea."). Here, as noted, petitioner claims his counsel was ineffective at the outset of the case, prior to the April 2001 preliminary hearing. Petitioner pled guilty over a month later, on May 31, 2001, at the start of the trial. Petitioner does not claim his plea was either uninformed or involuntary.[3] Consequently, petitioner's guilty plea precludes him from obtaining habeas relief based on his claim that he received ineffective assistance of counsel at an earlier stage of the proceedings. Accordingly, the state courts' rejection of petitioner's claim was neither contrary to nor an unreasonable application of federal law.

## CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is hereby DENIED.

Any pending motions are hereby terminated.

The Clerk shall close the file

IT IS SO ORDERED.

DATED: December 22, 2006

MAXINE M. CHESNEY
United States District Judge

---

[3] In his traverse, petitioner states he wishes to add a "new" claim, namely, "that his guilty plea was neither voluntary nor intelligent based on ineffective assistance of counsel," (Traverse at 3), and requests that the petition be stayed while he exhausts his "new" claim, (id.). A petitioner may not raise new claims for habeas relief in a traverse. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). In any event, the purportedly "new" claim merely repeats petitioner's claim that counsel's advice to reject the prosecutor's initial offer was deficient. (See "Motion and Request to File 'Statement of Additional Claims or Grounds' for Relief," attached to Traverse.)

7